# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-7051**

**September Term, 2020**

FILED ON: FEBRUARY 11, 2022

UNSUCK DC METRO,
          APPELLANT

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY AND PAUL J. WIEDEFELD, IN HIS
OFFICIAL CAPACITY AS GENERAL MANAGER OF THE WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY,
          APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-01242)

---

Before: GARLAND[*] and RAO, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the briefs and oral arguments of the parties and following completion of a record remand from the United States District Court for the District of Columbia. The court has afforded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the order of the district court be **AFFIRMED**.

Unsuck DC Metro ("Unsuck") sued the Washington Metropolitan Area Transit Authority ("WMATA") seeking a declaratory judgment that the refusal to release copies of survey questions violated WMATA's Public Access to Records Policy ("Records Policy"). The district court granted summary judgment to WMATA, holding that WMATA's refusal was consistent with the Records Policy. Unsuck has since conceded that it has no cause of action under the Records Policy. We therefore affirm the grant of summary judgment.

---

[*] Then-Judge Garland was a member of the panel but did not participate at oral argument or in the disposition of this case.

1

I.

Unsuck is an unincorporated association whose goal is "to raise awareness of and educate [District of Columbia, Maryland, and Virginia] residents and visitors about the operations of" WMATA. Seeking access to questions that WMATA used to survey the public, Unsuck made a request pursuant to the Records Policy. The Records Policy specifies that WMATA will make records "available to the public for inspection and copying … unless exempted from disclosure." WMATA denied the request on the ground that the survey questions were protected by the deliberative process privilege and confidential business information exemption and therefore exempt from disclosure.

Unsuck filed a complaint in the District Court for the District of Columbia, arguing that WMATA's denial of its request violated the Records Policy, the Administrative Procedure Act, the First Amendment, and a purported common law right to access public records. The court granted WMATA summary judgment on Unsuck's Records Policy claim because it agreed with WMATA that the survey questions were covered by the deliberative process privilege and therefore exempt from the Records Policy's disclosure requirement. The court also dismissed Unsuck's other claims for reasons that are not at issue here.

Unsuck appealed only the district court's grant of summary judgment on its Records Policy claim, explicitly waiving any challenge to the dismissal of its other claims. After oral argument, we remanded the record to the district court to consider whether a cause of action exists for private parties to sue WMATA to enforce the Records Policy.

On remand, the parties adopted somewhat puzzling positions on this question. Unsuck, despite having brought a claim under the Records Policy, conceded that there was no cause of action under the Records Policy. Unsuck also abandoned its previous request for relief under the Records Policy and instead asked the district court to vacate the dismissal of Unsuck's other claims, which had not been appealed. WMATA, although arguing against disclosure of the survey questions, maintained that a cause of action existed under the Records Policy. WMATA contended it had authority to create a cause of action pursuant to its Compact[1] and that it had done so for the Records Policy.

The district court analyzed the questions raised by the remand order. The court first noted that while "neither the Compact nor any other statute directly creates a cause of action … there are several plausible alternative sources of a cause of action." As to whether those plausible alternative sources actually yielded a cause of action, the court ultimately concluded only that whether WMATA had the authority to create a cause of action was "not clear" and raised complicated questions of D.C., Maryland, and Virginia law. The court reasserted its prior justification for granting summary judgment, and also properly declined to vacate its prior dismissal of Unsuck's other claims.

---

[1] WMATA was created pursuant to a compact between Virginia, Maryland, and the District of Columbia. *See* Act of Nov. 6, 1966, Pub. L. No. 89-774, 80 Stat. 1324.

## II.

We need not resolve the complicated thicket of questions regarding whether WMATA can create a cause of action. Unsuck appealed only the grant of summary judgment on the Records Policy claim. On remand, Unsuck conceded there was no cause of action supporting its Records Policy claim. That concession obviates the need to delve into the complexities of whether such a cause of action exists. The plaintiff's concession means we can assume without deciding that there is no cause of action. Without a cause of action, Unsuck cannot ultimately succeed on the merits of its suit. *See, e.g., Doe v. Rumsfeld*, 683 F.3d 390, 397 (D.C. Cir. 2012) (holding that a plaintiff's claim must be dismissed in the absence of an implied cause of action under *Bivens*). This is so regardless of whether the defendant maintains that a cause of action exists. "[C]ourts may not create" a cause of action, nor can defendants waive one into existence. *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001).

"[I]n reviewing the decision of a lower court, an appellate court can affirm a correct decision even if on different grounds than those assigned in the decision under review." *Danielsen v. Burnside-Ott Aviation Training Ctr., Inc.*, 941 F.2d 1220, 1230 (D.C. Cir. 1991). Unsuck's concession that no cause of action exists is a sufficient basis for affirming the district court's grant of summary judgment in favor of WMATA.

\* \* \*

For the foregoing reasons, the judgment of the district court is affirmed. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

### **Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Michael C. McGrail
Deputy Clerk

3